UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JOLENE FOURNIER, a Resident of Stonington, Hancock County, State of Maine, <br><br> Plaintiff, <br><br> v. <br><br> GREENHEAD LOBSTER, LLC, a Maine corporation with offices in Stonington, Hancock County, State of Maine, <br><br> OUTNUMBERED, INC., a Maine corporation with offices in Deer Isle, Hancock County, State of Maine, and <br><br> STEPHEN HUTCHINSON, a Resident of Deer Isle, Hancock County, State of Maine, <br><br> Defendants. | 1:21-CV-_____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY

NOW COMES Plaintiff Jolene Fournier, through her counsel at Kelly, Remmel & Zimmerman, and complains as follows:

### General Allegations Applicable to All Counts

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. Plaintiff Jolene Fournier (hereinafter "Plaintiff" and/or "Fournier") is a resident of Stonington, Hancock County, State of Maine.

1

3. Defendant Greenhead Lobster, LLC (hereinafter "Greenhead"), is a limited liability company incorporated in the State of Maine with principal offices in Stonington, Hancock County, State of Maine.

4. Defendant Outnumbered, Inc. (hereinafter "Outnumbered"), is a business incorporated in the State of Maine with principal offices in Deer Isle, Hancock County, State of Maine.

5. Defendant Stephen Hutchinson (hereinafter "Hutchinson") is a resident of Deer Isle, Hancock County, State of Maine.

6. At all times relevant to this action, Plaintiff Jolene Fournier was a member of the crew of the commercial fishing vessel *Outnumbered* (hereinafter the "Vessel") and acting in the course of her employment as a crewwoman of that vessel.

7. At all times relevant to this action, Defendant Stephen Hutchinson owned and/or operated the commercial fishing vessel *Outnumbered*.

8. At all times relevant to this action, Defendant Stephen Hutchinson served as the captain of the commercial fishing vessel *Outnumbered*.

9. At all times relevant to this action, Defendant Outnumbered employed Plaintiff Jolene Fournier as a crewwoman aboard that vessel.

10. At the time of the incident complained of in this action, the commercial fishing vessel *Outnumbered* was a "vessel" for purposes of the Jones Act and general maritime law.

11. On or about August 15, 2018, the Vessel tied up adjacent to Greenhead Lobster's dockhouse, 38 Ocean Street, Stonington, Maine (hereinafter the "dockhouse" and/or "Greenhead Docks"), to unload the Vessel's catch from the Vessel to Greenhead's dockhouse and to load bait onto the Vessel from Greenhead's dockhouse.

12. Bait was loaded into a fish tray by a Greenhead employee within the Greenhead dockhouse. A Greenhead employee then hooked the full fish tray to a hydraulic hoist fixed to the Greenhead dockhouse to be lowered by the hoist from the dockhouse down to the deck of the Vessel.

13. On August 15, 2018, Steven Blake and/or another Greenhead employee was individually or jointly tasked with: the loading and unloading of equipment, catch and/or bait to and from the Vessel; ensuring safe loading and securing of the load; and safe operation of the hoist.

14. At all times relevant to this action, Steven Blake was an employee of Defendant Greenhead Lobster, LLC and was acting in the course of his employment as an employee of Defendant Greenhead.

15. On August 15, 2018, during the above-described loading and unloading task, Plaintiff Jolene Fournier was located on the deck on the Vessel to receive and/or load the items being loaded onto the Vessel.

16. On August 15, 2018, approximately 200 pounds of bait were loaded in a fish tray and hooked to Greenhead's hydraulic hoist within Greenhead's dockhouse by Steven Blake and/or another employee of Defendant Greenhead to be delivered down to the Vessel below by the hydraulic hoist.

17. On August 15, 2018, the full tray was not properly and/or safely loaded and/or secured to the hoist, which was known or should have been known by the Greenhead employee and/or agent tasked with loading, unloading, and operating the hoist within the dockhouse.

18. On August 15, 2018, Greenhead's hoist malfunctioned and/or was operated negligently by Steven Blake and/or another Greenhead employee and/or agent as the full tray was lowered to the Vessel below.

19. As the full tray approached Plaintiff and Defendant Hutchinson below, the hook abruptly released on Plaintiff's end of the tray.

20. Plaintiff suffered physical injuries, including but not limited to: bruised and dislocated ribs; headaches; chest, back, and neck pain; and other muscoskeletal injuries.

21. Plaintiff's injuries were incurred while in the service of the commercial fishing vessel *Outnumbered*.

22. Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

23. Following her injuries, Plaintiff received significant medical treatment at Northern Light Health, Pouzol Physical Therapy, Bay Chiropractic Center, Northern Pain Management, and St. Joseph's Hospital General Surgery Department, among other medical providers.

24. Plaintiff experienced and continues to experience pain and suffering as a result of her injuries.

25. Plaintiff incurred medical bills as a result of the medical treatment she received.

26. Plaintiff missed work as a result of her injuries and treatment, and therefore incurred a loss of earnings. Plaintiff will also suffer a loss of earning capacity as a result of her injuries.

27. On or about August 15, 2018, while performing duties as a crewwoman onboard the vessel *Outnumbered*, Plaintiff Jolene Fournier suffered the following injuries and damages: (a) serious, painful and permanent physical injuries to her neck, back and ribs; (b) severe physical and mental suffering; (c) permanent impairment; (d) lost earnings; (e) loss of earning capacity; and (f) other damages.

## Count I: Jones Act Negligence (Outnumbered)

28. Plaintiff Jolene Fournier incorporates by references paragraphs 1 through 27 of this Complaint into Count I.

29. At the time of her injuries, Plaintiff was a crewmember onboard the vessel *Outnumbered* and met the requirement for status as a Jones Act seaman.

30. As Defendant Outnumbered was Plaintiff's employer at the time of her injuries, Defendant Outnumbered is a proper defendant to a Jones Act claim for negligence. 46 U.S.C. § 30104.

31. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant Outnumbered in at least the following particulars: failing to use or implement safer methods for loading bait onto the Vessel; failing to provide proper safety equipment and procedures to prevent injury caused by the loading and unloading of equipment, bait and catch to and from the Vessel; failing to have adequate personnel onboard the boat to safely load and unload equipment to and from the Vessel; failing to instruct crew on safe procedures for loading and unloading equipment to and from the Vessel; and failing to properly supervise crew and other employee(s) loading equipment onto the Vessel. Furthermore, the negligence of Defendant Outnumbered can be imputed from the negligent acts or omissions of its agent(s).

32. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Jolene Fournier suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Jolene Fournier demands judgment against Defendant Outnumbered in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

### Count II: Unseaworthiness (Hutchinson)

33. Plaintiff Jolene Fournier incorporates by references paragraphs 1 through 32 of this Complaint into Count II.

34. Defendant Hutchinson, as owner of the Vessel, owes a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

35. As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the Vessel owned and operated by Defendant Hutchinson in at least the following particulars: failing to provide a safe workspace; failing to adequately secure equipment being loaded onto and/or unloaded from the Vessel; failing to provide proper safety equipment and procedures to prevent injury caused by the loading and unloading of equipment to and from the Vessel; failing to have adequate personnel onboard the boat to safely load and unload equipment to and from the Vessel; and failing to instruct crew on safe procedures for loading and unloading equipment to and from the Vessel.

36. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Jolene Fournier demands judgment against Defendant Stephen Hutchinson in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## Count III: Maritime Tort (Greenhead)

37. Plaintiff Jolene Fournier incorporates by references paragraphs 1 through 36 of this Complaint into Count III.

38. At the time of his injuries, Plaintiff was a crewmember onboard the vessel *Outnumbered* and met the requirement for status as a Jones Act seaman.

39. At the time of Plaintiff's injuries, the vessel *Outnumbered* was located on navigable waters.

40. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant Greenhead Lobster, LLC, in at least the following particulars: failing to operate machinery used to load equipment and bait from the dockhouse to the Vessel in a safe manner; failing to adequately secure equipment and bait being loaded from the

dockhouse onto the Vessel; failing to provide proper safety equipment and procedures to prevent injury caused by the loading of equipment and bait to and from the Vessel; failing to instruct employee(s) on safe procedures for loading equipment and bait to and from the Vessel; and failing to properly supervise employee(s) loading equipment and bait onto the Vessel. Furthermore, the negligence of Defendant Greenhead can be imputed from the negligent acts or omissions of its agent(s), including but not limited to Steven Blake.

41. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Jolene Fournier suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Jolene Fournier demands judgment against Defendant Greenhead Lobster, LLC, in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## Count IV: Maintenance & Cure (Outnumbered)

42. Plaintiff Jolene Fournier incorporates by references paragraphs 1 through 41 of this Complaint into Count IV.

43. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant Outnumbered, Inc. as a crewwoman aboard the commercial fishing vessel *Outnumbered*.

44. As a result of the above-described injuries suffered by Plaintiff Jolene Fournier, she is entitled to maintenance at a reasonable daily rate and cure until she reaches the point of maximum medical improvement. *Ferrara v. A. & V. Fishing, Inc.*, 99 F.3d 449, 454 (1st Cir. 1996).

WHEREFORE, Plaintiff Jolene Fournier demands judgment against Defendant Outnumbered, Inc., in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interest and costs.

## **Jury Trial Demand**

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

Dated at Portland, Maine this 3rd day of August, 2021.

/s/ Stephen W. Koerting
Stephen W. Koerting, MBN 5820
skoerting@krz.com
Attorney for Plaintiff Jolene Fournier
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Portland, Maine 04101
(207) 775-1020